BEFORE THE SECOND DIVISION, SEPTEMBER 16, 1964

No. 68770.—The J. D. Richardson Company v. United States, protest 62/15199 (Detroit).

271

LAWRENCE, Judge: The sole question for our determination here is whether certain hot rolled steel plate, imported from Canada, contained in excess of 1 percent of manganese.

The collector of customs assessed the primary rate of 10 percent upon the merchandise pursuant to paragraphs 307 and 308 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 307 and par. 308), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. That portion of the collector's decision is not challenged.

However, paragraph 305 of said act provides, so far as pertinent here, as follows:

PAR. 305. In addition to the rates of duty provided for in paragraphs * * * 307, 308 * * * of this schedule, there shall be levied, collected, and paid on all steel or iron in the materials and articles enumerated or described in such paragraphs:
(1) A duty of 8 per centum ad valorem [now 4 per centum] if such steel or iron contains * * * manganese * * * in excess of 1 per centum, * * *.

At the trial, plaintiff introduced a number of documentary exhibits including consumption entries, letters, accounting invoices, and so forth, marked exhibits 1 through 4, 4–A, 4–B, and 5, also exhibits 7 through 12.

In addition to the documentary exhibits, plaintiff called the following two witnesses, Milton C. Kester who has been employed for the past 24 years by the West Pullman Works of the International Harvester Co. as a metallurgist, and Clifford G. Marx, employed for the past 37 years as a staff accountant for the International Harvester Co. of Chicago, Ill., the actual importer.

Among the papers attached to plaintiff's exhibit 2 is a communication dated October 25, 1961, addressed to the United States appraiser at Detroit, Mich., by the plaintiff, transmitting a letter from the works auditor of the International Harvester Co. of Hamilton, Ontario, Canada, under date of October 25, 1961, addressed to the plaintiff, setting forth certain characteristics of the rolled steel plate in controversy. Of interest here is the statement of the analysis of the importation referred to in invoices A–330, A–331, and A–332 showing a manganese content of 75/1.05.

Apparently, upon the basis of this information, the collector of customs imposed duty of 4 per centum ad valorem on the manganese content pursuant to the terms of paragraph 305, as modified, supra.

It is clear from the testimony of plaintiff's witness Kester that the merchandise was not analyzed upon importation.

On cross-examination he gave the following testimony:

X Q. Isn't it true that you ordered steel with a manganese content range from 75/100ths of 1 per cent to 1.05 per cent? I am referring to the imported steel which you imported from Canada.—A. It was ordered that way.

An effort was made through the testimony of Kester to establish the identity of an analysis of the particular merchandise when it was in Canada with the use of exhibit 6 for identification. Since the witness did not know the man who made the analysis, which in fact was not signed by anybody, such evidence was rejected.

Plaintiff's second witness, Clifford G. Marx, the staff accountant for the International Harvester Co., Chicago, was interrogated concerning the manganese content of the importation and stated in substance that he checked with the West Pullman Works to ascertain whether they had made a chemical analysis; that in finding that they had not, he checked with "our supplier in Canada" to determine if they had a record of analysis. They replied in the negative. He

then asked the West Pullman Works to contact the Steel Co. of Canada to see if they would supply the information. After considerable delay, the Steel Co. of Canada finally located a copy of their tally (plaintiff's exhibit 6 for identification). An attempt to introduce exhibit 6 for identification in evidence again proved futile on the ground that the witness Marx, as an accountant, had nothing to do with the analysis of this steel and upon the further ground that the exhibit for identification did not identify the chemist or metallurgist who made the analysis.

It is basic law that collectors of customs are presumed to have found every fact to exist which is necessary to sustain their classification. *United States* v. *John A. Steer Co.*, 46 CCPA 132, C.A.D. 715, and *United States* v. *Marshall Field & Co.*, 17 CCPA 1, T.D. 43309.

A careful review of the record satisfies us that plaintiff herein has failed to overcome the presumption of correctness of the collector's decision. Accordingly, the protest is overruled.

Judgment will issue accordingly.